## A. C. WARD v. THE STATE.

No. 18849.   Delivered June 2, 1937.
Rehearing Denied October 13, 1937.

The opinion states the case.

*Otto Atchley* and *King, Mahaffey & Wheeler,* all of Texarkana, for appellant.

*Elmer L. Lincoln,* District Attorney, of Texarkana, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is accomplice to murder; the punishment, confinement in the penitentiary for 35 years.

Chapters 1 and 2 of Title 17 of the Penal Code relate to arson and to other wilful burnings. Art. 1325 of said Chap. 2 reads as follows: "Where death is occasioned by any offense described in this and the preceding chapter the offender is guilty of murder."

Appellant was convicted as an accomplice to the murder of J. H. Van Zan, the prosecution having proceeded under Art. 1325, supra. The proof on the part of the State was, in substance, as follows: The brother of appellant operated a grocery store in a building belonging to J. Q. Crow. Appellant, who was employed by his brother, acting through Lee Ogburn, procured Tom Burks and Fox Duckett to burn the building, in order that he might collect the insurance that was carried on the stock of goods. In consummating the arson, the principals used a great quantity of gasoline, which appellant and Ogburn furnished. The building was burned at night after other places

of business in the vicinity had been closed. In the explosion the deceased, who occupied a room above the store, was killed. Also the explosion occasioned the death of both principals. Neither appellant nor his brother had any control over the second story of the burned building.

In the consummation of the arson neither appellant nor the principals had any motive to kill deceased or any other person. The testimony excludes the idea that the principals knew, or should have known, that any person was in the building at the time the arson was consummated. Appellant denied any knowledge of the fact that deceased occupied a room above said store; and there is no evidence in the record that he had such knowledge.

Testifying in his own behalf, appellant denied that he had induced Ogburn to employ the principals to commit the arson. In short, his testimony, if believed, completely exonerated him.

As has been observed, the punishment assessed against appellant was 35 years. The punishment for arson is not less than two nor more than twenty year. See Art. 1314, P. C. It is appellant's contention that under the terms of Art. 73, P. C., he could receive no greater punishment than that provided for in cases of arson. We quote said Art. 73, as follows:

"If in the attempt to commit one offense the principal shall by mistake or accident commit some other under the circumstances set out in article 42, 43 and 44, the accomplice to the offense originally intended shall, if both offenses are felonies, receive the punishment affixed to the lower; but if the offense designed be a misdemeanor he shall receive the highest punishmnt affixed to such misdemeanor, whether the offense actually committed be, a felony or a misdemeanor."

In considering appellant's contention it is not necessary to note the provisions of Arts. 43 and 44, P. C. We quote Art. 42, P. C., as follows:

"One intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed."

Under the evidence, it would appear that, under the terms of said Art. 73, when construed in connection with the provisions of Art. 42, supra, appellant's contention should be sustained, and that the punishment for the alleged offense could not properly exceed twenty years confinement in the penitentiary.

Appellant brings forward several bills of exception in which he complains of the action of the court in permitting the State to prove by the wives of the deceased principals confidential communications made to them by their respective husbands, showing the guilt of said principals. Said bills of exception reflect error under the holding of this court in Pace v. State, 135 S. W., 379. We quote from the opinion in that case as follows:

"Appellant offered to prove by Mrs. Dick Cain, widow of one of the parties to the homicide, that her husband told her that he had killed the deceased. It is unnecessary to state the details of the testimony offered through this witness. Cain, it seems, had been tried for this same offense, and had subsequently died. We are of opinion that the court did not err in excluding her testimony. The principle involved in this question has been decided adversely to appellant, we think, in all the cases of this state where the question was raised. Matters of this sort occurring between husband and wife are privileged, and cannot be used, even though one of the spouses be dead. For a review of the authorities see Gross v. State (decided at the present term of the court) 135 S. W. 373."

We quote Art. 714, C. C. P., in part, as follows:

"Neither husband nor wife shall, in any case, testify as to communications made by one to the other, while married; nor shall they, after the marriage relation ceases, be made witnesses as to any such communication made while the marriage relation existed, except in a case where one or the other is prosecuted for an offense; and a declaration or communication made by the wife to the husband, or by the husband to the wife, goes to extenuate or justify an offense for which either is on trial."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State argues vigorously and at length that we were in error in our former opinion. Without setting out the contentions made, we make the following observations: Art. 1325, P. C., in positive terms, but without further elaboration, says that he is guilty of murder who unlawfully burns a house, etc., and thereby occasions the death of a human being. Further than this, said statute is silent

and makes no mention of the punishment for murder, or whether same is to be regarded as murder upon or without malice. Clearly this would compel recourse, upon trial of one charged thereunder, to our general murder statutes, and the submission to the jury of the fact issue as to whether such party acted with or without malice, and in appropriate terms make the punishment of the accused dependent on the finding of the jury on said question of malice. Whether a killing be upon or without malice is necessarily an issue of fact, unless the framers of the law have therein made it not so, which they have not done in the law under discussion.

The facts in a given case might show a criminal act done with such reckless disregard for human life as that loss of life might evidently be the natural and reasonable consequences of such act, and thereby malice be imputed, as in Banks v. State, 85 Texas Crim. Rep., 165; or the testimony might show that the arson was with intent to cause death, in which event malice would be thus shown; but on the other hand it is easily conceivable that one might unlawfully burn a barn or an outhouse, or a business building, or a deserted house, etc., at a time and under such circumstances as to strongly support a negation of intent to take human life, and in such case it would not be even debatable but that upon the trial of one so situated, —for murder by arson,—it would be the duty of the trial court to either charge only upon murder without malice, or else to submit the issue for the jury's decision. One so accused, if the facts were clear as to the burning, might be guilty of murder by reason of Art. 1325, supra, but this by no means would settle the issue as to the punishment now made dependent upon the existence vel non of malice.

However, our question here is as to the law applicable to one who would at most but be an accomplice to the arson, in the absence of Art. 1325, supra, and the State had the option of proceeding against this accused as an accomplice to the crime of arson, or of prosecuting him for the offense of accomplice to murder, which latter course they elected to follow. If we had no Art. 73, P. C., this court would feel impelled to say that unless the death in question was the natural and reasonable consequence of such arson, etc., or unless the facts adduced showed that the presence of the deceased in the burned building was known to the accomplice and his associate principals, so as that his death was within the comprehension of their conspiracy,—there would be grave doubt in the minds of this court as to whether the mere showing that the accused was

an accomplice to the offense of arson would suffice to show him an accomplice to the death so resulting from such arson.

Nothing in Arts. 70, 71 and 72, P. C., would make of such adviser, etc., an accomplice. Under Art. 70 the adviser, etc., is and can be only an accomplice, as is reiterated in each paragraph of said Art. 70, to *"the offense,"* meaning thereby the offense had in mind by the parties. Art. 71, P. C., broadens the terms of Art. 70, P. C., only enough to include such adviser, etc., as an accomplice, in case the offense actually committed be of the same nature as the one contemplated. Suffice it to say, murder is not of the same nature as arson. Art. 72, P. C., merely provides that in cases not expressly provided otherwise, the accomplice should be punished in the same manner as the principal.

Art. 73, P. C., seems to us to apply to the case under discussion, and to justify and authorize the prosecution and punishment of this appellant as an accomplice to the murder of the deceased Van Zan. Said article presupposes accomplices, and says that if the principal shall by mistake or accident commit some offense other than the one agreed upon, "under the circumstances set out in Arts. 42, 43 and 44, P. C.," the accomplice to the offense originally intended shall,—if both be felonies,—receive the punishment affixed to the lower. There is nothing in Arts. 43 and 44, P. C., which have any bearing here. Art. 42, P. C., in so many words, says:

"One intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed."

We conclude that if appellant was an accomplice to the offense of arson committed by Burks and Duckett, and if they, intending to commit the felony of arson, burned or exploded the house in question, and the death of Van Zan resulted, which death would be a felony,—appellant would be guilty as an accomplice to such murder.

In view of the unusual situation involved, and the lack of precedents, we will further say that upon another trial of this case, if one be had, the jury should be instructed that if they find and believe from the evidence that the death of Van Zan was an accident, that is an occurrence which was not intended or reasonably foreseen by Burks and Duckett, the principal offenders in said arson; and the jury find that appellant was an accomplice to said crime of arson with said parties, and that

the death of Van Zan was not shown to be a killing upon malice aforethought, by evidence other than appears herein, the punishment of appellant as an accomplice to such murder would be by confinement in the penitentiary for some time not less than two nor more than five years. We make no suggestion applicable, in case this prosecution should be dismissed and a prosecution had against appellant as an accomplice to arson.

Upon the reasoning above set out we have concluded that the opinion originally handed down should be modified in accordance with the suggestions herein set forth, and that the State's motion for rehearing should be overruled, and it is accordingly so ordered.

*Overruled.*