## FRED W. COVERT V. THE STATE.

No. 19288. Delivered January 12, 1938.
Rehearing denied February 23, 1938.

The opinion states the case.

*Earl M. Greer,* of Wills Point, and *A. A. Dawson,* of Canton, for appellant.

*L. O. Orsborn,* County Attorney, of Canton, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder without malice; the punishment, confinement in the penitentiary for one year.

It was charged in the indictment that the assault was made on I. S. Neal, Jr. Mr. Neal and Mr. Robertson, who were peace officers, found appellant in a public place in an intoxicated condition and carried him to his home. After they had returned to town appellant secured a pistol and went to the cafe where the officers were together. Drawing his pistol and pointing it at Mr. Robertson, appellant said: "If you are game let's see it." Neal grabbed the pistol and was shot in the arm. We quote from his testimony as follows:

"I was close enough to him [appellant] to reach out with my left hand and reach the gun, and the gun didn't go off until I grabbed it—well it went off, I judge, just at the time I grabbed it or maybe just before. I couldn't be positive but I know the gun went off before I turned it up."

It appears that the pistol was cocked, and the testimony was to the effect that it was "easy on the trigger."

Appellant did not testify and introduced no witnesses.

We deem the evidence sufficient to support the conviction. See Smith v. State, 95 S. W. 1057.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—The appellant complains in his motion for rehearing that the evidence is insufficient upon which to base a judgment of guilty, first, because the witness Ike Neal testified at one time that he was shot in the right arm, and later on testified that he was shot in the left arm. We think the witness doubtless made a mistake when he testified that he was shot in the left arm. The testimony of the doctors all say that he had a flesh wound in his right arm, and the testimony of the other witnesses also shows that he was shot in the right arm. We can see no ground for disturbing this judgment because the witness made an inadvertent statement as to which arm he was shot in.

It is also suggested in such motion that the appellant intended to shoot a man by the name of J. T. Robertson, and did not intend to shoot the witness Ike Neal, who was shot. In Smith v. State, 95 S. W. Rep. 1057, it seems that the appellant attempted to kill a woman by the name of Ethel Martin and accidentally stabbed a woman by the name of Alice Reed while trying to kill Ethel Martin. It was held in such opinion that: "It is the settled law in Texas, where an accused shoots at one party and unintentionally kills another party, he would be guilty of murder in the second degree, if the killing of the party intended to be killed would have constituted murder, or he would be guilty of manslaughter in killing the second party if his offense would have constituted manslaughter in regard to the party he intended to kill," citing a large number of cases.

This matter is also fully discussed in the case of Richards v. State, 35 Texas Crim. Rep. 38. Article 42, P. C., says: "One intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed."

It seems to us that according to appellant's own contention he went in the cafe for the purpose of committing an assault upon J. T. Robertson, and Mr. Neal, perceiving his purpose, attempted to disarm him, and he shot Mr. Neal in the arm. Under the above cited cases we see no reason why he would not be guilty of an assault with intent to murder without malice on Mr. Neal, as found by the jury, and his motion will therefore be overruled.