**Dave Horace HILLIARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47632.**

Court of Criminal Appeals of Texas.

July 17, 1974.

Rehearing Denied Sept. 18, 1974.

---

**2.** It is noted that the instant trial occurred after both the *Hardin* and *Brito* decisions.

John L. Foster and Wayne D. Meissner, Austin, for appellant.

Robert O. Smith, Dist. Atty., Stephen H. Capelle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted, in a jury trial, of murder with malice. Punishment was assessed at life imprisonment.

The record reflects that on September 6, 1972, appellant resided with the mother of deceased Monica Marie Jones, along with Monica, her grandmother and the latter's husband. Monica was then two years eight month old. Early in the afternoon of September 6, appellant took Monica to a neighborhood store. The store manager saw Monica run out of the store, and appellant chasing after her. Five minutes later, appellant returned carrying Monica whose dress had blood on it. An eyewit-

ness observed appellant striking Monica in the back with his fist and kicking her with his feet. Appellant took her home, where he told her grandmother that she had been asleep across the street at the washateria. Monica had diarrhea that evening, was unable to get up to play the next day, and was taken to the hospital.

Dr. Bowen examined her on September 8, and on the 9th performed surgery. He found her to be in a profound shock, with a laceration of the right lobe of the liver, and stress ulcers caused by physical stress or extreme emotional upheaval. She had numerous scars and one active open wound on her legs and an abrasion on her skin, and lacerations of a type most frequently occurring from a moderate to large amount of external force applied to the body. In his opinion, the laceration of the liver was caused from "external blunt trauma," which would have resulted from being kicked or hit with a man's fist.

Medical testimony, including that of a surgeon who performed two operations on the child, due to internal bleeding, and a pathologist who did an autopsy shortly after her death in the hospital on the morning of September 12th, established that her death was due to a fracture or laceration of the right lobe of her liver caused by external blunt trauma. This laceration could have been caused by the child being kicked, or struck with a fist.

Appellant in his first ground alleges that the court committed error in submitting paragraphs V, VI, VII, VIII, and IX of the charge to the jury, since such paragraphs presented a theory for conviction not alleged in the indictment. He claims a fatal variance under Articles 21.02 and 21.-11, Vernon's Ann.C.C.P., and a denial of due process as guaranteed by the Fourteenth Amendment of the Federal Constitution.

The indictment charged the appellant with the unlawful killing with malice aforethought of the deceased by kicking and stomping her with his feet, and by other means unknown to the grand jurors. Paragraph V of the charge set out the terms of Article 1148a, Vernon's Ann.P.C.[1] Paragraph VI defines a battery. Paragraph VII contains the language of Article 42, V.A.P.C.[2] Paragraph VIII provides that murder with malice, murder without malice, and the intentional infliction of injury on a child 14 years of age or younger are felonies. Paragraph IX of the charge reads as follows:

"Now bearing in mind the foregoing instructions, if you find and believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Dave Horace Hilliard, on or about the 6th day of September, 1972, in the County of Travis and State of Texas did then and there voluntarily with malice aforethought kill Monica Marie Jones by kicking her with his feet, and by other means unknown to the Grand Jurors,

or

"If you believe from the evidence, beyond a reasonable doubt, that the defendant, Dave Horace Hilliard, in the County of Travis and State of Texas, on or about the 6th day of September, 1972,

1. "No person or parent of a child may intentionally maim, disfigure, or batter a child who is 14 years of age or younger or engage in conduct which by omission or commission is intended to cause physical injury to, or deformity or deficiency in, a child who is 14 years of age or younger."
Punishment for a violation is set at not less than 2 nor more than 5 years in the State penitentiary by Section b of this statute.
Repealed in 1973 by Acts of 63rd Legislature, Chapter 399, § 6(a) effective January 1, 1974. See New Penal Code effective January 1, 1974, § 22.04, V.T.C.A.

2. "One intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed."
Repealed in 1973 by Acts of 63rd Legislature, Chapter 399. See New Penal Code effective January 1, 1974, § 6.04.

with malice aforethought did then and there while intending to unlawfully and intentionally commit a battery upon Monica Marie Jones, a child younger than 14 years of age, and that in the act of preparing for executing the same, through mistake or accident killed the said Monica Marie Jones, a child younger than 14 years of age by kicking her with his feet, and by other means unknown to the Grand Jurors, then you will find the defendant ·guilty of murder with malice aforethought and so say by your verdict, but if you do not so believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant, Dave Horace Hilliard, of the offense of murder with malice aforethought, and proceed to consider the question of the defendant's guilt or innocence of the offense of murder without malice."

■ Appellant objected to the submission of the issue of appellant's guilt under the provisions of Article 42, V.A.P.C., since the indictment alleged only murder with malice, and not an accidental killing while preparing for an executing a felony, and, therefore, the indictment failed to give him notice of the accusation he needed to meet, this being in contravention of Chapter 21, of the Texas Code of Criminal Procedure and the due process clause of the Constitution of the United States.

This contention is without merit and is overruled. Caraway v. State, Tex.Cr.App., 489 S.W.2d 106, 110. Cf. Hodges v. State, 160 Tex.Cr.R. 579, 272 S.W.2d 902; Walker v. State, 138 Tex.Cr.R. 343, 135 S. W.2d 992. As stated in *Caraway,* supra, in overruling this same contention:

"Appellant also complains that the court erred in charging the jury under Art. 42, V.A.P.C. He claims that the indictment alleged only murder with malice afore-

thought, not an accidental killing committed while preparing for or executing a felony, and that therefore the indictment failed to inform him as to the accusation he needed to meet.

"This Court has held that the State need not plead its evidence in the indictment. Silva v. State, 112 Tex.Cr.R. 223, 15 S. W.2d 1046 (1929); Jones v. State, 89 Tex.Cr.R. 355, 231 S.W. 122 (1921)."

In ground of error number two, appellant urges that the court improperly charged the jury, over his objection, in its application of Article 42, V.A.P.C., in conjunction with Art. 1148a, V.A.P.C., in paragraphs V, VI, VII, VIII, and IX of the charge. Appellant contends that article 42 cannot be used to eliminate the gradation of assaultive offenses, and argues that this Court should hold that such article has no application in instances, such as the instant situation, where the only act committed was the single felonious assault and battery on the deceased.

Appellant refers to Article 42, V.A.P.C. as the "felony-murder statute," [3] and concedes that where the felony intended to be committed, and which the accused is in the act of preparing for or executing, is other than the assault upon the deceased which directly causes the death, such as, "in robbery, rape, or arson," Article 42 "may be invoked to effectuate the Legislature's intent to be severe with such felons." However, he contends that if the only act involved was the direct assault upon the deceased, "Article 42 should not apply, so that the issues of accident, mistake, and intent, which the Legislature has deemed normally relevant in deciding the accused's fate, may be considered by the jury."

In support of his contentions, appellant relies on a number of out of state cases, such as, People v. Ireland, 70 Cal.2d 522, 75 Cal.Rptr. 188, 450 P.2d 580 (1969); Peo-

---

3. See annotation in 40 A.L.R.3rd Series 1341 (1971), Application of Felony-Murder Doctrine where the Felony Relied on is an Includable Offense With the Homicide; also,

35 St. Johns' Law Review 109 (1960), The Doctrine of Merger in Felony-Murder and Misdemeanor Manslaughter.

ple v. Moran, 246 N.Y. 100, 158 N.E. 35; State v. Branch, 244 Or. 97, 415 P.2d 766; Tarter v. State, 359 P.2d 596 (Okl.Cr.); State v. Severns, 158 Kan. 453, 148 P.2d 488, and others, most of which are cited in the articles named in footnote 2. These cases, for the post part, construe State statutes which differ from our Article 42, V.A.P.C. Insofar as any of such cases may be applicable to the facts of the instant case, we do not feel inclined to be influenced by them.

▄▄▄ Appellant argues that Article 42, supra, cannot be utilized to eliminate the legislatively created gradation of assaultive offenses, and in his brief says:

"Squarely before this Court is the issue of whether Article 42 of the Texas Revised Penal Code shall be interpreted as eliminating grades of homicide less than murder. The Legislature of this State has made it clear that it intends for these to be various categories of homicide, distinguishable by the mental state of the accused at the time of the killing. This concept of graded homicide carries the necessary implication that lesser assaultive felonies may not be used for the purpose of Article 42."

We agree that the Legislature intended that there by distinct categories of homicide and assaultive offenses. Article 42, V.A.P.C., does not eliminate gradation of homicide; it adds another manner of showing murder; that is, murder committed while in the act of committing another felony.

▄▄▄ The act of maiming, disfiguring or battering a child 14 years of age or younger with the intent to cause physical injury to or deformity or deficiency in said child is made a felony by Article 1148a, V.A.P.C. Article 42, V.A.P.C., has been consistently construed by this Court to mean that the defendant is actually guilty of the offense that was committed by the mistake during the preparation or execution of another felony. Crawford v.

State, 511 S.W.2d 14 (Tex.Cr.App.1974); Lopez v. State, Tex.Cr.App., 482 S.W.2d 179. The evidence in the instant case is sufficient to sustain a finding that appellant while committing the felony prohibited by Article 1148a, supra, by mistake caused the death of deceased.

In Crawford v. State, supra, we held that in a murder case the court properly instructed the jury on the felony offense of assault with a prohibited weapon in conjunction with Article 42, saying:

"The trial court in applying Article 42 properly charged the jury that if they found from the evidence, beyond a reasonable doubt, that the defendant did with malice aforethought assault the deceased with a pistol and through mistake or accident did kill the deceased, that they so indicate by finding the defendant guilty of murder with malice. Or, if the jury found from the evidence, beyond a reasonable doubt, that the defendant did without malice assault the deceased with a pistol and through accident or mistake kill the deceased then the jury should so indicate by their verdict by finding defendant guilty of murder without malice. "Assault with a prohibited weapon, here a pistol, is a felony under Article 1151, V.A.P.C. The facts in this case are undisputed as to the commission of the offense of assault with a pistol while carrying it unlawfully . . . ."

"Article 42 has consistently been interpreted to mean that the defendant is guilty of the offense that was committed by the mistake during the preparation or execution of another felony. Lopez v. State, 482 S.W.2d 179 (Tex.Cr.App. 1972); Johnson v. State, 169 Tex.Cr.R. 612, 336 S.W.2d 175, cert. den., 364 U.S. 927, 81 S.Ct. 355, 5 L.Ed.2d 267 (1960) . . . ."

See also Shelburne v. State, 111 Tex.Cr. R., 182, 11 S.W.2d 519.

In Johnson v. State, supra, the defendant was assessed the death penalty on a con-

viction of murder. Medical testimony reflected that the cause of death was "asphyxia due to suffocation in association with sodomy." The court submitted the case to the jury on a number of theories, including "(5) while in the act of preparing for or executing the offense of sodomy."

In affirming the judgment, this Court in part said:

"Appellant objected to the court giving application to Art. 42, P.C., in its charge to the jury because there was no evidence to support it, and he further objected because the charge as given failed to require the jury to find that deceased's death could have been reasonably foreseen from the act or acts of sodomy, and further than the means used in the commission of the act or acts of sodomy were not such as would ordinarily result in death.

"The evidence supports and authorizes the application of Art. 42, P.C., in the charge to the jury. The charge set out said statute and in the language of the statute authorized a conviction thereunder. The charge is in accord with that set out in 1 Branch (2), 66 Sec. 70.5 and Cook v. State, 152 Tex.Cr.R. 51, 211 S. W.2d 224. No error is shown."

In each of *Crawford* and *Johnson,* supra, there was only the one felonious assault on the victim; however, that assault through mistake or accident was the cause of the act (killing the deceased) which if voluntarily done would be a felony. In each instance this Court held that Article 42 was properly applied. See also Marrufo v. State, 172 Tex.Cr.R. 398, 357 S.W.2d 761; Ward v. State, 133 Tex.Cr.R. 110, 109 S. W.2d 207 (opinion on rehearing); McElroy v. State, 134 Tex.Cr.R. 445, 115 S. W.2d 971; Smith v. State, 329 F.2d 498 (5th Cir.); Washburn v. State, 167 Tex. Cr.R. 125, 318 S.W.2d 627, cert. den., 359 U.S. 965, 79 S.Ct. 876, 3 L.Ed.2d 834.

Appellant contends that by charging under Article 42 the court has deprived the jury of its right and duty to pass upon the necessary element of intent to kill. The exact point made in Article 42 is that if a felony is committed by accident or mistake while in the course of intentionally committing another felony, he is guilty of the felony actually committed. Thus, the intent to kill in the present case is supplied by the intent to commit the felony which the appellant did intend to commit and was committing which caused the child's death. Caraway v. State, Tex.Cr.App., 489 S.W.2d 106; Palafox v. State, Tex.Cr.App., 484 S.W.2d 739; Lopez v. State, Tex.Cr.App., 482 S.W.2d 179; Richard v. State, Tex. Cr.App., 426 S.W.2d 951, 954 (on State's motion for rehearing); Marrufo v. State, 172 Tex.Cr.R. 398, 357 S.W.2d 761; Hodges v. State, 160 Tex.Cr.R. 579, 272 S. W.2d 902.

Although in its application of Article 42 the court was not required to charge on the law of accident (see *Caraway,* supra), in this case the court did so charge. In paragraph XII of the court's charge, the jury was given an opportunity to pass on whether appellant killed deceased "by accident" while intending to commit the offense of murder with malice, murder without malice, or the offense of intentionally inflicting injury on a child under 14 years of age. If the jury found that appellant intentionally committed the disfiguring or battering of a child under 14 years of age, and that as a result the child died, even though the death was by mistake or accident, such intent would be transferred to the murder of the child.

As will be noticed from reading paragraph No. IX of the court's charge, supra, the jury was authorized to convict appellant of murder with malice in any one of two ways, either by voluntarily killing her by kicking her with his feet or by other means to the grand jurors unknown, *or* by applying Article 42 to the facts of the killing. No valid objection was made to para-

graph IX. The jury returned a general verdict of guilty of murder with malice, without specifying upon which of the two theories submitted guilt was predicated. In Johnson v. State, 169 Tex.Cr.R. 612, 336 S.W.2d 175, in a similar situation, we stated, "Under such circumstances, the conviction will be applied to the act or acts finding support in the evidence."

See also Cavazos v. State, Tex.Cr.App., 365 S.W.2d 178.

■ In the instant case, we find that the facts support the verdict under both of the theories submitted.

There is no merit in the second ground of error. It is overruled.

In his ground of error number three, appellant complains of the submission of paragraphs V, VI, VII, VIII, and IX of the court's charge over his objection that Article 42, V.A.P.C., is merely a statute concerning punishment, and not one which should be used in determining guilt.

Article 42, V.A.P.C., which is copied in footnote (2), supra, states that under the circumstances there noted the accused "shall receive the punishment affixed to the felony actually committed."

Appellant argues that this is, accordingly, merely a punishment statute, and in a bifurcated trial should not be submitted at the guilt stage to be used by the jury in determining guilt.

This contention is entirely inconsistent with the application made of the statute by this Court.

In Lopez v. State, Tex.Cr.App., 482 S.W.2d 179, we said:

" . . . . When two or more persons agree to commit robbery with a deadly weapon and the victim is killed, both are guilty of murder with malice. See Article 42, Vernon's Ann. P.C."

See also extract from opinion in Crawford v. State, supra.

■ The court properly submitted the issue of murder under Article 42, V.A.P.C., at the guilt-innocence stage of the trial.

Ground of error number three is overruled.

■ In his fourth ground of error, appellant contends that his "presumption of innocence" was denied him because he was brought before the jury trying him in handcuffs.

Appellant does not refer us to any evidence in the record of his being brought before the jury in handcuffs or that any member of the jury saw him when he was handcuffed. The only mention of handcuffs we have found in the record is in an oral motion for a mistrial made out of the presence of the jury by counsel for appellant alleging that he had been taken before the jury in handcuffs. This motion was denied by the court, with an instruction to the District Attorney to caution the Sheriff "so that the Jury will not see him in handcuffs." No evidence was offered by the appellant in support of his motion. In the absence of such evidence, the appellant's complaint is without merit. Cline v. State, Tex.Cr.App., 463 S.W.2d 441.

The fourth ground of error is overruled.

We have considered the grounds of error contained in appellant's supplemental brief, and find them to be without merit. They are overruled.

The judgment is affirmed.

Opinion approved by the Court.