John Weldon FORBES, Appellant,

v.

The STATE of Texas, Appellee.

No. 48643.

Court of Criminal Appeals of Texas.

July 24, 1974.

Rehearing Denied Sept. 18, 1974.

Emmett Colvin, Lawrence B. Mitchell and Joe Max Hendley, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for being an accomplice to the offense of murder with malice. The punishment was assessed by the jury at three thousand (3,000) years. This is a companion case to Culley v. State, 505 S.W.2d 567 (Tex.Cr. App.1974).

The indictment alleged that Terry Eugene Culley shot and killed Jean Geron, and that prior to the murder the appellant advised, commanded and encouraged Culley to commit the offense.

At the outset the appellant challenges the sufficiency of the evidence to sustain his conviction as an accomplice to the murder, contending the evidence fails to corroborate the testimony of Colleen Jill Brown, an accomplice witness as a matter of law. See Article 38.14, Vernon's Ann.C.C.P.

Colleen Brown testified that in early September of 1971 the appellant and Roland Ross Thompson were planning the robbery of the deceased's wife at her residence located in Dallas. According to the scheme, the witness and Culley were to pose as police officers and, after gaining entry into the house, rob the deceased's wife of her jewels. In the furtherance of the clandestine plan, the appellant furnished the pair with police badges and acquired two pistols. The witness further testified that the appellant carefully instructed the twosome on how the offense was to be committed.

Brown's testimony further reflects that at approximately noon on September 24, 1971, the appellant told her and Culley he had telephoned the deceased's office and had been informed by the secretary that the deceased was "expected back any minute." Immediately thereafter, the appellant instructed Brown and Culley to commit the robbery and rendezvous at a nearby Sears' parking lot after they left the residence.

At approximately 1:00 p. m. on the same day she revealed that she and Culley arrived at the Geron residence and rang the front doorbell, which was answered by the deceased's wife. She related that, even though they identified themselves as police officers, the deceased's wife attempted to close the front door and they forced their way into the house and chased Mrs. Geron into a back bedroom where the deceased, Jean Geron, was located. During the melee, Geron seized the witness' pistol from her possession and was shot by Culley, causing severe hemorrhaging which resulted in his death. Brown testified that Culley fled the scene and she was arrested there in deceased's home.

State's witness Thomas Chris Thomas testified that on September 23, 1971, the appellant purchased a .357 Magnum revolver and a .38 caliber pistol from him. Consideration for the purchase was $100.00 which appellant did not have but he asked the witness to hold as collateral a diamond ring "until he could get the money." After Thomas examined and identified both pistols as the weapons sold to the appellant, the witness further testified that the appellant telephoned him on September 25, 1971, and stated that "It would probably be several days before he would have the money." Later on September 28, 1971, the appellant again called Thomas, stating that he could keep the ring "instead of the money."

The State's evidence further reflects that on September 23, 1971, Marke Burke, a pawnshop employee, sold the appellant six rounds of Remington .357 Magnum ammunition which was of the same type shown to the witness during the trial.

It was shown by the testimony of police officers that after a conversation with Culley a search of the shrubbery adjacent to the Sears' parking lot near the home of the deceased revealed a .357 Magnum revolver which was shown to be the murder weapon by ballistics test. This revolver was identified by Thomas as the one sold to the appellant.

Evelyn Harris, manager of the Plaid Door Club in Dallas on the date of the offense, testified that appellant and Culley were together at the club about 3:00 p. m. on that date, approximately two hours after the shooting; and that when she saw the appellant in the club three days later on September 27, 1971 she commented on the fact that Culley had gotten into trouble. Appellant then asked her to remain silent about the fact he had been with Culley on the previous date as he "didn't want to get involved."

There were other State witnesses but their testimony is not relevant to the contention presented.

The appellant did not testify or offer evidence in his behalf.

The court charged that Colleen Brown was an accomplice witness as a matter of law and that her testimony had to be corroborated.

Turning to appellant, we observe that in Edwards v. State, 427 S.W.2d 629, 632, (Tex.Cr.App.1968) this Court wrote:

"The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not." (cases cited omitted.)

See also Odom v. State, 438 S.W.2d 912 (Tex.Cr.App.1969); Minton v. State, 468 S.W.2d 426 (Tex.Cr.App.1971); Cherb v. State, 472 S.W.2d 273 (Tex.Cr.App.1971); Windham v. State, 479 S.W.2d 319 (Tex. Cr.App.1972); Colunga v. State, 481 S.W. 2d 866 (Tex.Cr.App.1972).

In Minor v. State, 108 Tex.Cr.R. 1, 299 S.W. 422 (1927), this Court said:

"The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be 'other evidence tending to connect the defendant with offense committed.' * * * Circumstances proved by credible witnesses may be as potent as direct testimony in tending to connect the accused with the commission of the offense. The state is not called upon to point to some single or isolated fact which in itself, unrelated to other proven facts, will be sufficient corroboration. It is the combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supply the test. If by this rule it appears on appeal that before the jury there was proof confirming the testimony of the accomplice to material facts tending to connect the accused with the commission of the offense, the law is satisfied."

■ And in determining the sufficiency of the corroboration of an accomplice witness' testimony each case must be considered on its own facts. O'Donald v. State, 492 S.W.2d 584 (Tex.Cr.App.1973); Cherb v. State, supra.

■ The corroborating testimony in the instant case reflects that on the day prior to the killing appellant purchased the weapon with which the fatal shot was

fired and also acquired six rounds of .357 Magnum ammunition on that same date, and further reflects that he was in company with the principal Culley within two hours of the killing, later asking a witness to remain silent about the fact she had seen him with Culley on the date in question.

■ It should be borne in mind that the State need not corroborate its accomplice witness upon *all* of his or her testimony, for the requirement of the law goes no further than to demand that there be testimony other than that of the accomplice witness which in and of itself tends to connect the accused with the crime alleged. See Edwards v. State, supra, 427 S.W.2d at p. 633; White v. State, 129 Tex.Cr.R. 59, 84 S.W.2d 465 (1935).

We conclude the evidence was ample to corroborate the testimony of the accomplice witness Colleen Brown.

Appellant additionally challenges the sufficiency of the evidence because of a claimed fatal variance between the allegations of the indictment and the proof adduced.

Appellant contends the indictment alleged appellant had unlawfully and wilfully encouraged Terry Culley to, with malice aforethought, kill Jean Geron, and that if the evidence established anything it was that appellant encouraged Culley to commit a robbery.

■■ At the outset it should be noted that when a person instigates another to commit a crime, or agrees with another to commit a crime, it is not necessary that the precise offense which he may have advised, or to the execution of which he may have given encouragement or promised assistance, should be committed. The instigator is an accomplice to the crime actually committed by the principal when such was a forseeable and probable result of the instigation. See and compare Isaacs v. State, 36 Tex.Cr.R. 505, 38 S.W. 40 (1896); Blain v. State, 30 Tex.App. 702,

18 S.W. 862 (1892); Everett v. State, 153 Tex.Cr.R. 79, 216 S.W.2d 281 (1949); Kirby v. State, 23 Tex.App. 13, 5 S.W. 165, 173 (1887); Ward v. State, 133 Tex.Cr.R. 110, 109 S.W.2d 207 (1937).

■ The record clearly establishes appellant's complicity to the instant offense in furnishing Culley with the murder weapon and ammunition to be used in the robbery. The fact that the indictment did not allege appellant's complicity in the robbery during the attempted commission of which the deceased was killed is not controlling. See Becks v. State, 158 Tex.Cr.R. 204, 254 S.W.2d 396 (1953); Hodges v. State, 160 Tex.Cr.R. 579, 272 S.W.2d 902 (1954); Isaacs v. State, supra.

Appellant's second ground of error is overruled.

■ Appellant next contends that his motion to quash the indictment should have been granted since the indictment was obtained solely from hearsay testimony of the assistant district attorney.

This same contention was raised and adversely decided against the principal Culley in his appeal to this Court. See Culley v. State, 505 S.W.2d 567 (Tex.Cr.App.1974). Further, as stated in Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 409, 100 L.Ed 397 (1956):

"An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits."

See also Carpenter v. State, 477 S.W.2d 22 (Tex.Cr.App.1972); Jackson v. State, 470 S.W.2d 201 (Tex.Cr.App.1971); Baldwin v. State, 490 S.W.2d 583 (Tex.Cr.App. 1973).

Appellant's third ground of error is overruled.

In two grounds of error appellant contends his constitutional right of confrontation guaranteed by the Sixth and Four-

teenth Amendments of the United States Constitution were violated when the trial court permitted, over objection, the introduction of the deposition of Linda Gay Tucker, taken at a post-indictment and pre-trial hearing to preserve the witness' testimony.

Over thirteen months prior to trial which commenced on March 26, 1973, the State filed a motion to take the deposition of the said witness, alleging that she was a material witness and was soon to leave the country and establish permanent residency with her husband in Nigeria. The deposition was taken on March 7, 1972 at pretrial hearing presided over by the trial judge. The appellant was present, represented by counsel, and expressly told the court he had no objection to the deposition being taken. His counsel, who subsequently did not represent him at trial, reserved the right to object to the use of such deposition if the witness was in fact available to testify at the trial on the merits.

 If a witness has once testified in a case, in a preliminary hearing or in a former trial, and the accused was present and had the opportunity to cross-examine the witness, and such witness has since died, or resides out of the State, or has removed beyond the limits of the State, or cannot attend by reason of age or bodily infirmity, or has been prevented from attending court through the act or agency of the other party, his testimony may be reproduced at a subsequent trial of the same case if the proper predicate be laid for its admission. See Article 39.01, Vernon's Ann. C.C.P.; 1 Branch's Ann.P.C., 2d ed., Sec. 98, p. 110. To be admissible it must be shown that the witness' testimony at the former trial or hearing was given under oath, that it was competent, that the accused was present and had adequate opportunity to cross-examine him through counsel, that the accused was the defendant at the former trial or hearing upon the same charge. See 24 Tex.Jur.2d, Sec. 698, p. 337; Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Carver v.

State, 510 S.W.2d 349 (Tex.Cr.App.1974). Such predicate must be clearly and satisfactorily established before such testimony can be reproduced. 1 Branch's Ann.P.C., 2d ed., Sec. 99, p. 112.

The Supreme Court in Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), noted that the exception to the confrontation requirement has been explained and "justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement."

 Where the State seeks to reproduce testimony of an absent witness given at a prior hearing, it has the burden of establishing an exception to the right of confrontation. See Carver v. State, supra; Whitehead v. State, 450 S.W.2d 72 (Tex. Cr.App.1969); Cumpston v. State, 155 Tex.Cr.R. 385, 235 S.W.2d 446 (Tex.Cr. App.1951).

"Recognizing the traditional exception to the confrontation requirement where a witness is unavailable and has given testimony in a previous judicial proceeding against the same defendant which was subject to cross-examination, the Supreme Court in Barber, supra, nevertheless held that 'a witness is not "unavailable" for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial.'" Carver v. State, supra.

Appellant contends that the State failed to lay the proper predicate for the introduction of such evidence by failing to make a good-faith effort to secure attendance of the witness by attachment or material witness bond while being fully aware that the witness intended to remove herself from the court's jurisdiction.

The assistant district attorney did testify that prior to trial he had in Dallas contacted the company which employed the wit-

ness' husband and was referred to the Houston offices of such company. He traveled to Houston where he learned at such offices that Mrs. Tucker did reside in Port Harcourt, Nigeria, but he was unable to obtain an exact address, learning that any communications would have to be through Lagos, Nigeria, and that while communications were not totally impossible they were very difficult.

We need not discuss in detail each of appellant's contentions that the proper predicate was not laid for the reproduction of the witness' testimony, for we conclude that the error, if any, was harmless error beyond a reasonable doubt under Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

The instant case was not based upon circumstantial evidence, and the "unavailable" witness Tucker was not the sole incriminating witness for the State. Her testimony as reflected by the deposition that the appellant and Culley were together at the Plaid Door Club on the afternoon of the instant offense was cumulative testimony of that of Evelyn Harris.

In considering that the "untainted" evidence provided overwhelming support for conviction, we can only conclude that the error, if any, was harmless error beyond a reasonable doubt.

Threaded throughout these grounds of error is the claim that there was no statutory procedure authorizing the manner in which the deposition in question was taken. Appellant contends that under the provisions of Article 39.02, V.A.C.C.P., only a defendant in a criminal case may take a deposition. The State, on the other hand, claims that the provisions of Article I, Section 10, Vernon's Ann., of the State Constitution permit the State to take a deposition. If indeed the provision is applicable to other than anti-trust law violations, it does not appear by its express terms to be a self-executing provision. Be that as it may, we observe that appellant personally agreed to have the deposition taken, and although he objected to its subsequent use, the error, if any, in its introduction was harmless error for the reasons discussed above.

In his sixth and seventh grounds of error appellant contends that he was denied his right of confrontation when the trial court admitted the judgment and sentence finding the principal Culley guilty of the instant offense, and that the court's admission of the sentence into evidence was so prejudicial and inflammatory as to deprive the appellant of a fair trial.

To warrant a conviction of an accomplice, the State must prove the commission of the offense by the principal "to the same certainty as if the principal were on trial, and therefore beyond a reasonable doubt." See Aston v. State, 136 Tex.Cr.R. 12, 122 S.W.2d 1073, 1074 (Tex.Cr.App. 1939); Article 80 Vernon's Ann.P.C.

It should be noted that the State, because of its burden of proof, is entitled to present all legitimate evidence it possesses to sustain its burden despite the fact that the evidence already presented appeared to have clearly established that element of the offense charged. To accomplish this end through the means of introducing a judgment of conviction does not constitute a denial of confrontation in violation of the Sixth Amendment. Tucker v. State, 461 S.W.2d 630 (Tex.Cr.App. 1971); Tuttle v. State, 49 S.W. 82 (Tex. Cr.App.1899).

Further, the fact that the punishment assessed on the principal Culley was an extreme penalty does not affect its admissibility. See Tuttle v. State, supra. Better practice, however, would dictate that penalties, particularly extreme ones, be deleted from the judgment and sentence to better insure an accused's inherent right to a fair trial.

Appellant's grounds of error are overruled.

Appellant also contends that the court erred in overruling his objection to admitting before the jury evidence of a prior robbery committed at the deceased's residence.

The record reflects that without objection it was shown that during the briefing sessions prior to the robbery Culley and Brown were exhibited a floor plan of the Geron residence and were informed that Geron's residence "had been robbed the year before." The principals were further instructed that their only obstacle in the scheme would be gaining entry into the house since "the people were suspicious because of what had happened the year before." The record further reflects the testimony of the deceased's wife that on a prior occasion (August 27, 1970) she was robbed at her residence. Only thereafter was appellant's objection on the grounds of irrelevancy interposed and overruled.

In 23 Tex.Jur.2d, Evidence, Sec. 194, p. 294, it is stated:

"As a general rule, in criminal cases the accused can be convicted, if at all, only by evidence that shows that he is guilty of the offense charged. Consequently, evidence that he has committed other crimes that are remote and wholly disconnected from the offense with which he is charged is ordinarily inadmissible. . . ."

There are, of course, exceptions to the general rule.

In 23 Tex.Jur.2d, Evidence, Sec. 195, p. 300, it is written:

"Evidence of the commission of other crimes by the accused is admissible as part of the res gestae or to show identity of person or crime, intent, motive, scienter, system, and malice. Evidence of other crimes is also admissible to discredit the accused when he testifies in his own behalf, or to show his failure to have reformed, or to controvert a defensive theory advanced by him. These exceptions to the general rule prohibiting evidence of other crimes are discussed in greater detail immediately hereinafter. It must be remembered, however, that even though evidence of another crime may be relevant to the instant proceeding, such evidence should not be admitted unless the commission of the other crime is clearly proved and the accused is shown to have been its perpetrator."

Appellant argues that since the State was unable to prove his connection with the prior robbery the admission of such testimony constituted reversible error. True, the State did not prove the appellant's involvement in the commission of the prior robbery, however, we do not agree that the admission of such testimony constituted reversible error. The State did not offer the testimony for the purpose of showing the commission of an extraneous offense, but to reveal that the information Thompson learned from the 1970 robbery played an integral role in devising the scheme for the robbery which resulted in the instant offense. If the evidence is competent, material and relevant to the issues on trial, it is not rendered inadmissible merely because it may show another crime. Further, the fact of the prior robbery was already in evidence from another source, and appellant did not timely object to the complained of testimony. An objection must be made as soon as the ground of objection becomes apparent. Ford v. State, 500 S.W.2d 827 (Tex.Cr.App.1973).

Appellant's contention is overruled.

Lastly, appellant complains of alleged errors in the court's charge, calling our attention to a criticism of the "felony murder doctrine" in Perkins on Criminal Law, 2nd Ed. (1969) p. 44. These grounds of error appear related to the second ground of error. They have been examined and found to be without merit.

Appellant's grounds of error are overruled.

For the reasons stated, the judgment is affirmed.