**Claude Mee RINEHART, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 56069.**

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 31, 1979.

Rehearing En Banc Denied Nov. 28, 1979.

James M. Murphy, Dallas, on appeal only, for appellant.

Henry M. Wade, Dist. Atty., W. T. Westmoreland, Jr., Hugh Lucas, Jr. and Stewart C. Robinson, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

CLINTON, Judge.

Tried on an indictment which facially alleged first degree arson,[1] the confessing appellant was found guilty and his punishment assessed at confinement for life by a jury. On original submission his appeal was abated in order that the trial judge might make more detailed findings on disputed fact issues surrounding the taking of appellant's confession and return his certificate reciting those findings, as required by *Hester v. State,* 535 S.W.2d 354 (Tex.Cr. App.1976) and *McKittrick v. State,* 535 S.W.2d 873 (Tex.Cr.App.1976). That procedure being accomplished, the appeal was ordered reinstated, and we now turn to consideration of the case on its merits.

As a threshold matter we are confronted by seven supplemental grounds of error

1. The indictment, omitting the formal parts, alleged that appellant, on or about January 15, 1976, did "intentionally start a fire with the intent to damage and destroy a habitation, without the effective consent of . . . the owner of the said habitation, and by reason of the commission of the aforesaid offense . . . bodily injury was suffered by Donna Ruth Brown . . . ."

which raise an essential proposition: whether arson is a first degree felony when death is suffered by the person named in the indictment by reason of the commission of the offense?[2] Clearly the point goes to the very foundation of the prosecution and, if valid, renders the conviction void. *American Plant Food Corporation v. State*, 508 S.W.2d 598, 603 (Tex.Cr.App.1974); *Dowden v. State*, 537 S.W.2d 5 (Tex.Cr.App. 1976).

Under the old penal code there was no doubt. Article 1324, P.C., 1925 compounded punishment when "bodily injury less than death is suffered by anyone by reason of the commission of any offense" in Chapters 1 and 2 of Title 17. Article 1325, *id*, long provided, "Where death is occasioned by any offense described in this and preceding chapter the offender is guilty of murder.[3]" Thus the former arson law provided for at least three offenses and a different punishment: burning with the penalty depending upon what was burned; burning that caused "bodily injury less than death" with an increased punishment not to exceed double what was otherwise provided without injury; and burning that caused death with penalties attaching to the offense of murder. The practice commentary following V.T.C.A. Penal Code, § 28.02, was prepared by two lawyers who served the committees of the State Bar for revision of the penal code.[4] As indicative of intent and purpose the following is written:

"Arson is graded as a second-degree felony unless any person, presumably including the actor, suffers bodily injury less than death as a result of the arson. In that event, it is a first-degree felony. In effect, arson and an assaultive offense are consolidated and the punishment enhanced. *If death occurs, arson is only a second-degree felony.* Causing a death, however, ordinarily would constitute murder under Section 19.02(a)(3) and be punishable as a first-degree felony. If the actor intended to murder, the offense would be a capital felony under Section 19.03(a)(3) (sic)."[5] (Emphasis supplied).

Relying on the language of Section 28.02(b) and the practice commentary this Court concluded in *Wilson v. State*, 541 S.W.2d 174, 176 that "the offense becomes a felony of the first degree only when bodily injury less than death is sufficiently related to or a result of the fire (or explosion) caused by the arsonist." Similarly, we conclude here that arson is a first degree felony only when "bodily injury *less than death*" is suffered.[6] If death is occasioned

2. As fundamental error, appellant raises the issue in relation to every pertinent aspect of the case; that is, that the indictment fails to allege an essential element of the offense by omitting the phrase "less than death," that the evidence is insufficient to support conviction for the proof shows that death was suffered by the victim named in the indictment, that the indictment is insufficient to support conviction for first degree felony arson, that the charge on guilt or innocence misstated the law of first degree felony arson by omitting the phrase "less than death," that the charge on punishment was erroneous in authorizing the jury to consider first degree felony arson range of punishment and that the trial court erred in not instructing *sua sponte* a verdict of acquittal of first degree felony arson.

3. Probably because that language left the range of punishment uncertain, in 1965 a proviso was added to prescribe applicable punishment where "malice aforethought" was not shown.

4. See 1 V.T.C.A. Penal Code, p. VIIff.

5. Clearly the reference was intended for Section 19.03(a)(2).

6. We are fortified in our conclusion by the early case of *Beaumont v. State*, 1 Tex.App. 533, 536 (1887), *Ward v. State*, 133 Tex.Cr.R. 110, 109 S.W.2d 207, 210 (1937) and the principle of *Swilley v. State*, 114 Tex.Cr.R. 228, 25 S.W.2d 1098 (1929)—all decided under our former penal code—and such suggested charges applying present provisions of the penal code appearing in *Texas Criminal Pattern Jury Charges* 264: "If you find from the evidence beyond a reasonable doubt that bodily injury less than death was suffered by . . .," McClung, *Jury Charges for Texas Criminal Practice* 92: ". . . and you further find from the evidence beyond a reasonable doubt that _____ suffered bodily injury less than death by reason of the commission of the said offense . . ." and Morrison and Blackwell, *Texas Practice, Criminal Forms*, § 98.01, defining "bodily injury" as in § 1.07(a)(7), V.T.C.A. Penal Code and applying the law to the facts by stating, "And the said A.B. by reason of the commission of said offense did then and there

by reason of the arson, a different offense is committed—second degree felony arson, murder or capital murder, depending upon the underlying circumstances.

The judgment is, therefore, reversed and the cause remanded.

cause bodily injury less than death to be suffered by C.D. . . ." See also, for suggested form of indictment, Morrison and Blackwell, *Texas Practice, Criminal Forms,* § 9.03, "And the said A.B. by reason of the commission of said offense did thereby cause bodily injury less than death to be suffered by C.D."