**Eriberto SALAZAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–81–254–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 19, 1982.

Harry Gonzales, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

ROBERTSON, Justice.

The jury rejected appellant's plea of not guilty to the charge of murder and assessed his punishment at twelve (12) years confinement. In two grounds, appellant argues fundamental error in the trial court's charge to the jury and reversible error in his failure to instruct the jury on the lesser included offense of involuntary manslaughter. We affirm.

■ The record is before us without a statement of facts. The rule has always been that questions relating to the court's charge or the failure to give requested instructions are not reviewable on appeal without a complete statement of facts. *Sellars v. State*, 401 S.W.2d 835, 836 (Tex. Cr.App.1966). Thus, without question, we cannot review appellant's contention that the trial court reversibly erred in failing to instruct the jury on involuntary manslaughter. While we disagree with the Court of Criminal Appeals' expansion of the concept of fundamental error in the court's charge, we are, nevertheless, bound by those decisions; and it appears that appellant's contention concerning fundamental error in the court's charge is properly before us for review.

The indictment was in two paragraphs, which, omitting the formal parts, alleged that appellant:

> on or about October 19, 1980 did then and there unlawfully intentionally and knowingly cause the death of Antonio Garza, hereafter styled the complainant, by shooting him with a gun,

and that on or about the same time appellant

> did then and there unlawfully intend to cause serious bodily injury to Antonio Garza, hereafter styled the complainant, and did cause the death of the complainant by committing an act clearly dangerous to human life, namely by shooting him with a gun.

In his instructions to the jury, the trial court followed the provisions of Article 6.04(b) of the Penal Code and instructed the jury:

> A person is nevertheless responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that a different offense was committed or a different person was injured, harmed, or otherwise affected.

And in applying the law to the facts, the court charged the jury as follows:

> Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, ERIBERTO SALAZAR, did in

Harris County, Texas, on or about October 19, 1980, intentionally or knowingly cause the death of an individual, to wit, ANTONIO GARZA, by shooting him with a gun; or that in Harris County, Texas, on or about October 19, 1980, the defendant, ERIBERTO SALAZAR, did then and there intend to cause serious bodily injury to the said ANTONIO GARZA and committed an act clearly dangerous to human life, namely, by shooting the said ANTONIO GARZA with a gun; or that in Harris County, Texas, on or about October 19, 1980, the defendant, ERIBERTO SALAZAR, did intentionally or knowingly, with intent to kill LUPE SALAZAR, shoot at LUPE SALAZAR with a gun and, while so doing, did shoot and hit ANTONIO GARZA and thereby cause the death of ANTONIO GARZA; or that in Harris County, Texas, on or about October 19, 1980, the defendant, ERIBERTO SALAZAR, did then and there intend to cause serious bodily injury to LUPE SALAZAR and committed an act clearly dangerous to human life, namely, by shooting at the said LUPE SALAZAR with a gun and, while so doing, did shoot and hit ANTONIO GARZA and thereby cause the death of ANTONIO GARZA, you will find the defendant guilty.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict, "Not guilty."

It is thus seen that while the indictment did not contain allegations concerning the intent of the defendant to kill or cause serious bodily injury to Lupe Salazar and the resulting accidental killing of Antonio Garza, the court authorized a conviction if the jury so found. There was no objection to the court's charge. Nevertheless, appellant, relying upon *Cumbie v. State,* 578 S.W.2d 732, 734 (Tex.Cr.App.1979), argues this was fundamental error because it permitted a conviction on proof different from that required to prove the allegations in the indictment.

Tex.Penal Code Ann. § 6.04(b)(2) (Vernon 1974) preserves the transferred intent doctrine previously contained in Tex.Penal Code art. 42 (1925). In essence, that doctrine provides: "[I]f D shoots with intent to kill V, but misses and unintentionally kills W, he is nevertheless guilty of murder as he would be under the law of every American jurisdiction." Tex.Penal Code Ann. § 6.04, comment (1974). According to Professor William L. Prosser the "roots of transferred intent lie deep in the old common law action of trespass" and originated in the King's courts in the thirteenth century, but it was not invoked in criminal cases until 1553. Prosser, *Transferred Intent,* 45 Tex.L.Rev. 650 (1967). *See also, Richards v. State,* 35 Tex.Cr. 38, 30 S.W. 805 (1895).

In *Hodges v. State,* 160 Tex.Cr.R. 579, 272 S.W.2d 902 (1954), the indictment alleged appellant murdered one Walker. The evidence showed the shot that killed Walker was intended for one Ockleberry. Appellant objected to the failure of the court to charge on the accidental killing of Walker, but the court rejected his argument, and in so doing, stated: "[I]t is not controlling that the indictment did not allege that the shooting was with intent to kill another and the deceased was killed by accident." *Id.* 272 S.W.2d at 904. In *Hayes v. State,* 171 Tex.Cr.R. 646, 353 S.W.2d 25 (1962), although the indictment alleged an assault upon Martha Tennison with intent to kill her, the court instructed the jury under Article 42 and authorized a conviction upon a finding that the defendant intended to kill Laura Davies by shooting her with a pistol and, in the act of preparing for or executing the same he, through mistake or accident, assaulted Martha Tennison by shooting her with a pistol, he would be guilty. The Court of Criminal Appeals held this was proper. *Id.* 353 S.W.2d at 26.

The case of *Hilliard v. State,* 513 S.W.2d 28 (Tex.Cr.App.1974), appears to best answer appellant's contention. There the indictment charged appellant with the unlawful killing with malice aforethought of the deceased by kicking and stomping and by other means unknown to the grand jury. In submitting the case to the jury, the court instructed the jury on the definition of a battery; instructed the jury of the terms of

Article 42 (which was then in effect); and instructed the jury that murder with malice, murder without malice and intentional infliction of injury on a child 14 years of age or younger were felony offenses. In applying the law to the facts, the court then charged:

"Now bearing in mind the foregoing instructions, if you find and believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Dave Horace Hillard, on or about the 6th day of September, 1972, in the County of Travis and State of Texas did then and there voluntarily with malice aforethought kill Monica Marie Jones by kicking her with his feet, and by other means unknown to the Grand Jurors,

OR

"If you believe from the evidence, beyond a reasonable doubt, that the defendant, Dave Horace Hilliard, in the County of Travis and State of Texas, on or about the 6th day of September, 1972, with malice aforethought did then and there while intending to unlawfully and intentionally commit a battery upon Monica Marie Jones, a child younger than 14 years of age, and that in the act of preparing for or executing the same, through mistake or accident killed the said Monica Marie Jones, a child younger than 14 years of age by kicking her with his feet, and by other means unknown to the Grand Jurors, then you will find the defendant guilty of murder with malice aforethought and so say by your verdict, but if you do not so believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant, Dave Horace Hilliard, of the offense of murder with malice aforethought, and proceed to consider the question of the defendant's guilt or innocence of the offense of murder without malice."

■ Appellant objected to the submission of the issue of appellant's guilt under the provisions of Article 42 since the indictment alleged only murder with malice and not an accidental killing while preparing for or executing a felony and, "therefore the indictment failed to give him notice of the accusation he needed to meet, this being in contravention of Chapter 21 of the Code of Criminal Procedure and the due process clause of the Constitution of the United States." In a well reasoned opinion, the Court of Criminal Appeals expressly rejected appellant's contention. *Id.* at 31. If it was not error, *over objection,* to submit the issue of transferred intent to the jury when such allegations were not contained in the indictment, it certainly cannot be said to be fundamental error to do so, and we so hold.

The judgment of the trial court is affirmed.