John Francis **CALLAHAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–90–576–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 18, 1991.

---

Robert R. Durbin, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the misdemeanor offense of driving while intoxicated. Appellant pleaded not guilty to the charge. A jury found appellant guilty as charged in the information and the trial court assessed punishment at confinement in the Harris County Jail for 30 days, probated for two years, and a $1,000 fine. In two points of error appellant contends the trial court erred by refusing to submit a requested jury instruction, and that the trial court abused its discretion in ruling on his motion to suppress after the State completed its case in chief and before appellant presented evidence. We affirm.

Deputy Donald R. Womack of the Harris County Sheriff's Department testified that on December 9, 1989, he was called to the Cypresswood substation in Houston to administer an intoxilyzer test. When he arrived, he discovered that the intoxilyzer machine was not working properly because two intoxilyzer tests had been administered to appellant which had produced invalid results. A sergeant asked Deputy Womack to take appellant to the Tomball substation to administer the intoxilyzer test. Deputy Womack testified that he did not recall the exact time he came into contact with appellant but estimated it to be between 00:15 a.m. and 1:00 a.m. He stated that he had been in the squad room at Cypresswood for approximately one minute when he was asked to take appellant to Tomball and that it only took him another minute to prepare to go to Tomball. He also testified that the distance between the Cypresswood and Tomball substations was approximately seven to ten miles and that it took approximately 15 minutes to get to Tomball from Cypresswood. He stated that when he put appellant into his patrol car, appellant was unsteady and his breath smelled of alcohol. Womack testified further that when they arrived at the Tomball substation, he took appellant into the intoxilyzer room and observed appellant for 15 minutes prior to administering the test. He stated that appellant did not consume any fluids, regurgitate, hiccup, or burp during the observation period. He testified that he started the intoxilyzer test at 1:20 a.m. and had been with appellant approximately 30 minutes before he administered the test at Tomball.

Appellant testified on his own behalf at trial. He testified that the intoxilyzer test was administered immediately after he was taken to the Tomball substation and that he was not observed for fifteen minutes prior to the administration of the test.

The record reflects that the State marked the results of the three intoxilyzer tests as exhibits. The two invalid tests conducted at the Cypresswood substation were administered at 00:52 a.m. and 00:55 a.m. The third test, administered at 1:20 a.m. at the Tomball substation, produced results of 0.163 and 0.150.

Before the court submitted the charge to the jury, appellant objected to the trial court's failure to include the following instruction:

> If the jury does not find beyond a reasonable doubt that the test was conducted in compliance with DPS regulations, then they are to consider those tests invalid and disregard them.

The court then submitted a general charge to the jury, allowing it to find appellant guilty if he did not have normal use of his mental and physical faculties by reason of the introduction of alcohol into his body, or if he had an alcohol concentration of 0.10 or more.

The Texas Department of Public Safety [DPS] has established breath alcohol testing regulations which require in part:

> (a) All breath alcohol testing techniques, methods, and programs to be used for evidentiary purposes must have the approval of and be certified by the scientific director.

> \* \* \* \* \* \*

> (c) All breath alcohol testing techniques, in order to be approved, shall meet, but not be limited to, the following:

> (1) continuous observation of the subject for a minimum period of time as set by the scientific director prior to collection of the breath specimen, during which time the subject must not have ingested alcoholic beverages or other fluids, regurgitated, vomited, eaten, smoked, or introduced any substances into the mouth; ...

Tex. Dept. of Public Safety, 37 Tex.Admin.Code § 19.3 (West January 3, 1989) (Breath Alcohol Testing Regulations).

Officer Womack testified that the policy of the Texas DPS is to observe the subject for fifteen minutes. Other courts have held that the minimum period of continuous observation set by the scientific director is fifteen minutes. *Gifford v. State,* 793 S.W.2d 48, 49 (Tex.App.—Dallas 1990, pet. dism'd) (citing *State v. Kost,* 785 S.W.2d 936, 939 (Tex.App.—San Antonio 1990, pet. ref'd); *McGinty v. State,* 740 S.W.2d 475, 476 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd)); *see also Ray v. State,* 749 S.W.2d 939, 944 (Tex.App.—San Antonio 1988, pet. ref'd).

In his first point of error, appellant contends that the trial court erred in refusing to submit an instruction to the jury on the issue of whether the intoxilyzer test administered at the Tomball substation was conducted in compliance with the DPS regulations. Specifically, appellant argues that he raised a fact issue regarding whether he was observed for 15 minutes before the third intoxilyzer test was administered and, therefore, was entitled to a jury instruction on the issue.

As support for his allegation that the trial court erred in refusing the requested instruction, appellant cites the court of appeals' opinion in *Gifford v. State.* In the *Gifford* case, the court stated that "[b]efore the intoxilyzer results can be considered by the trier of fact, the State must prove that a defendant was continuously observed for a fifteen minute period immediately preceding the administration of the test...." 793 S.W.2d at 49. That court stated further that the question of the test's validity arises only when the defendant raises a fact issue as to whether there has been compliance with DPS rules and procedures. *Id.* The *Gifford* court determined that the appellant had presented evidence which raised a fact issue on whether he was observed for fifteen minutes preceding the intoxilyzer test. *Id.* The court also held that the trial court should have submitted the instruction requested by appellant that the jury could not consider the

results of the intoxilyzer results unless it found beyond a reasonable doubt that the appellant was continuously observed for fifteen minutes immediately preceding the administration of the test. *Id.* at 50. Because the trial court submitted a general charge to the jury permitting it to find the appellant guilty of DWI if the appellant had either an alcohol concentration of 0.10 or more or did not have normal use of his mental and physical faculties by reason of the introduction of alcohol into the body, the court found that it could not determine the theory upon which the jury had convicted the appellant. *Id.* Thus, the court reversed and remanded the case to the trial court, holding that the alleged error was harmful.

The court of criminal appeals dismissed the State's petition for discretionary review in *Gifford*, stating that the court of appeals had reached the correct *result. Gifford v. State*, 810 S.W.2d 225 (Tex.Crim.App.1991) (per curiam). The court declined, however, to comment on the language or reasoning of the lower court. *Id.* Therefore, the court of criminal appeals has not spoken on this issue.

In *Ray v. State*, the appellant requested an instruction that the jury disregard the intoxilyzer results unless it first found that the appellant had been continuously observed by the person who administered the test. 749 S.W.2d at 943–44. The trial court refused to submit the requested instruction. The court of appeals overruled the appellant's point of error regarding the trial court's refusal to submit the instruction, holding that "[q]uestions concerning the accuracy or procedure used in administering a scientific test go to the weight given to the test's results, not to its admissibility." *Id.* at 944. The court also held that the requested instruction would have been an improper comment on the weight of the evidence. *Id.* We do not, however, reach the question as to which court of appeals' opinion is correct.

■ When an appellant objects to the omission of an instruction and properly preserves the error, he is entitled to a reversal if he can show "some harm." *Almanza v.*

*State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). The appellant, however, has the burden of showing the harm suffered. *Ray*, 749 S.W.2d at 943.

The State argues that appellant has failed to provide this court with a sufficient record to review his first point of error because the record contains only excerpts from trial. The State cites as authority this court's opinion in *Salazar v. State*, 642 S.W.2d 534, 535 (Tex.App.—Houston [14th Dist.] 1982, no pet.) where we stated that "[t]he rule has always been that questions relating to the court's charge or the failure to give requested instructions are not reviewable on appeal without a complete statement of facts." We note that the record in *Salazar* contained no statement of facts.

■ The Texas Rules of Appellate Procedure provide that the burden is on the appellant to present a sufficient record to show error requiring reversal. TEX. R.APP.P. 50(d). When the record on appeal is not complete, the court of appeals cannot determine if harm has occurred because it lacks all the evidence and testimony that was presented to the jury. Without the opportunity to review a complete record, harm cannot be determined. Accordingly, we overrule appellant's first point of error.

■ In his second point of error, appellant contends the trial court abused its discretion in ruling on his motion to suppress evidence after the State's case in chief and prior to his presentation of evidence. The Texas Code of Criminal Procedure provides that a trial court "may set any criminal case for a pre-trial hearing before it is set for a trial upon its merits...." TEX.CODE CRIM.PROC.ANN. art. 28.01 § 1 (Vernon 1989). Article 28.01 is not mandatory upon the trial court but is directed to the court's discretion. *Calloway v. State*, 743 S.W.2d 645, 649 (Tex. Crim.App.1988); *Bell v. State*, 442 S.W.2d 716, 719 (Tex.Crim.App.1969). The court may elect to determine the merits of the motion at the time when the subject matter of the motion is first brought before the court during trial, rather than at a pre-trial hearing. *Calloway*, 743 S.W.2d at 649; *Bell*, 442 S.W.2d at 719. For purposes of a motion to suppress, the trial court is the exclusive finder of fact and may choose to

believe or disbelieve any or all of a witness' testimony. *Taylor v. State,* 604 S.W.2d 175, 177 (Tex.Crim.App.1980).

Before the present case proceeded to trial the trial judge indicated that he would "carry [the motion to suppress the intoxilyzer results] along with the trial." The court instructed the prosecutor to approach the bench before she introduced any evidence of the intoxilyzer results. Before Deputy Womack was called to the witness stand, appellant's counsel objected to his testimony regarding the intoxilyzer results and the court once again indicated that it would "be hearing the motions to suppress while the jury is hearing the initial evidence." After the State rested its case, the court allowed appellant's counsel and the prosecutor to argue the motions to suppress outside the hearing of the jury. The court subsequently denied appellant's motion to suppress the intoxilyzer results.

We find that the trial court did not abuse its discretion by carrying appellant's motions to suppress with the trial. The court heard arguments from both sides regarding the motion to suppress the intoxilyzer results and determined that the motion should be denied. We cannot say the trial court abused its discretion. We overrule appellant's second point of error.

Accordingly, we affirm the judgment of the trial court.