Lawrence SONNIER, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–92–00999–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 23, 1992.

Rehearing Denied Feb. 4, 1993.

William R. Henderson, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Lawrence Sonnier brings this appeal from the trial court's denial of his application for writ of habeas corpus. In his sole point of error, appellant contends the trial court erred in denying his claim of double jeopardy. We affirm.

At the hearing of appellant's writ of habeas corpus, the following facts were ascertained. Appellant was indicted on a charge of aggravated assault. The case was called for trial on July 27, 1992 and a jury was impaneled and sworn. Before the appellant entered his plea, and prior to any testimony, the court was informed that appellant's attorney was proceeding on an old indictment that had not been dismissed. The first indictment alleged appellant had used a jack in the assault and the second indictment alleged the use of a tire tool. The court, on its own motion, declared a mistrial due to manifest necessity. The court stated it would not be fair to make appellant proceed on the second indictment because the change in weapon might unfairly affect the strategy of appellant's trial counsel. At all times appellant objected to the granting of a mistrial, insisting he was ready to proceed on the original indictment.

The court file showed appellant was served with the re-indictment on December 30, 1991. Appellant's counsel testified that he was never served with the indictment. The prosecutor testified that appellant's counsel had access to his file and it contained the re-indictment. Both the clerk of the court and the court coordinator testified at the hearing. The docket sheet showed both causes were set for trial four times. The clerk testified the docket sheet showed appellant's counsel was present on those days. Both testified that the court's trial docket was generated for July 27, 1992 and was available for inspection by counsel. The clerk testified that the trial docket showed both causes of action against appellant and indicated that one was a re-indictment.

Appellant's counsel testified that he had only been appointed as appellant's counsel for the first indictment and that he was unaware that the second indictment had been called for trial. The prosecutor testified that appellant's counsel had looked at his files several times since the re-indictment and it was his opinion that he had notice of the re-indictment. The trial judge made a statement on the record that, to the best of his recollection, he did not call the case to trial by its cause number. He also remembered the prosecutor used a hypothetical during voir dire that matched the allegation of the re-indictment. The judge felt it would be unfair to make the appellant proceed at that time with the new

indictment, so he ordered a mistrial based on manifest necessity.

 Jeopardy attaches in a jury trial when the jury panel has been impaneled and sworn. *Sewell v. State*, 696 S.W.2d 559, 560 (Tex.Crim.App.1983) (en banc). However, if a mistrial is declared due to manifest necessity, then jeopardy does not attach and there is no bar to a retrial for the defendant. *Harrison v. State*, 788 S.W.2d 18, 21–2 (Tex.Crim.App.1990) (en banc). A finding of manifest necessity is based upon the discretion of the judge. *Id.* at 22.

 From the record before us, we cannot determine that the judge abused his discretion. We do not have the docket sheets from the court's files, the trial reset forms nor the docket sheet printed for July 27, 1992. At the habeas hearing, appellant did not introduce any part of the record from the proceedings of July 27, 1992. We are only provided with the recollections and remembrances of the parties. The burden is on the appellant to present a sufficient record to show error requiring reversal. TEX.R.APP.P. 50(d). Without a sufficient record, we cannot conclude the judge abused his discretion because we are not provided all the evidence that was available to him when he made his decision. *See Callahan v. State*, 814 S.W.2d 420, 423 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Appellant's point of error is over-ruled.