TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00752-CR







Henry Harren, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 497755, HONORABLE DAVID F. CRAIN, JUDGE PRESIDING







A jury found appellant Henry Harren guilty of assault by offensive contact, after
which the court imposed a fine of $200. See Tex. Penal Code Ann. § 22.01(a)(3) (West Supp.
2000). Harren, a lawyer who represents himself on appeal, contends the trial court erred by
overruling his motion to dismiss on double jeopardy grounds and by erroneously instructing the
jury regarding the justifiable use of force. We will overrule these contentions and affirm the
conviction.

Harren argues that his prosecution in this cause violated the Fifth Amendment
double jeopardy protection against multiple prosecutions for the same offense. See U.S. Const.
amend. V; Ex parte Rhodes, 974 S.W.2d 735, 738 (Tex. Crim. App. 1998). Harren urges that
he was previously tried, convicted, and punished for the same offense in his former wife's
successful application for a protective order in the Houston County district court having
continuing jurisdiction over the Harrens' divorce. 

The information alleged that on February 8, 1998, Harren "cause[d] bodily injury
to Joyce Watson by pushing [her] on and about the torso with [his] hand." See Tex. Penal Code
Ann. § 22.01(a)(1) (West Supp. 2000). The court's charge authorized Harren's conviction for
this offense and for the lesser offense of causing offensive physical contact with Watson. See id.
§ 22.01(a)(3). Harren chose to prosecute this appeal without a reporter's record, although the
exhibits introduced at trial are contained in the clerk's record. Among the exhibits is defense
exhibit one, the reporter's record from the hearing on the application for protective order. At that
hearing, Watson testified that appellant shoved her during an incident that arose when she and her
daughter, Harren's former wife, went to Harren's house on February 8, 1998, to pick up the
Harrens' daughters following a visitation. A copy of the protective order issued by the Houston
County district court was attached to Harren's motion to dismiss and appears in the clerk's record,
but was not introduced in evidence. Despite the defects in the record, we will assume that a
protective order was issued, and that the finding of family violence in the order was based on the
same conduct for which Harren was tried and convicted in this cause. 

Harren relies on United States v. Dixon, 509 U.S. 688 (1993), as interpreted in Ex
parte Rhodes. See Rhodes, 974 S.W.2d at 738-39. The issue in Dixon was "whether prosecution
for criminal contempt based on violation of a criminal law incorporated into a court order bars
a subsequent prosecution for the criminal offense." See Dixon, 509 U.S. at 695. The court
answered in the affirmative. See id. at 696. Rhodes, applying Dixon, held that a prosecution for
interference with child custody was jeopardy barred because the defendant had previously been
held in criminal contempt for the same conduct. See Rhodes, 974 S.W.2d at 742. Dixon and
Rhodes are readily distinguishable from the cause before us because Harren does not base his
double jeopardy claim on a previous conviction for criminal contempt. 

As the name implies, the purpose of a protective order is to protect against future
acts of family violence. Although a finding that family violence has occurred is a condition
precedent to the issuance of a protective order, such a finding is not alone sufficient. Instead, the
court must also find that family violence is likely to occur in the future. See Tex. Fam. Code
Ann. § 81.001 (West Supp. 2000) ("A court shall render a protective order . . . if the court finds
that family violence has occurred and is likely to occur in the future."). (1) If such a finding is
made, the court is then authorized to issue an order designed to prevent future violence. See id.
§§ 85.021, .022.

The Houston County protective order contains a finding that Harren committed an
act of family violence on February 8, 1998, and that family violence is likely to occur in the
future. Accordingly, the order prohibits Harren from committing future acts of family violence
and orders him to complete courses on family violence and anger management. See id. § 85.022. 
Both Harren and his former wife are prohibited from engaging in specified "abusive behavior"
toward the other. See id. The order also contains provisions relating to Harren's visitation
privileges with his children. See id. § 85.021. The order contains no provision expressly or
impliedly punishing Harren for the assault against Watson.

The issuance of a protective order following an act of family violence is not akin
to a conviction for criminal contempt for violating a court order. (2) The Houston County
proceeding was not equivalent to a prosecution for the assault against Watson, and the protective
order was not a punishment for that assault. See Tharp v. State, 935 S.W.2d 157, 161 (Tex.
Crim. App. 1996) (administrative driver's license suspension for failing to pass intoxication test
is remedial rather than punitive, and does not bar prosecution for driving while intoxicated). 
Harren's double jeopardy claim was properly overruled by the trial court. Point of error one is
overruled.

Harren's second point of error is that the trial court improperly instructed the jury
regarding the use of force in self-defense. See Tex. Penal Code Ann. § 9.31(a) (West Supp.
2000). Harren does not claim to have objected to the instruction, and there is nothing in the
record before us to indicate that he did. Charge error to which no objection is made warrants
reversal only if the error was so egregious and created such harm that the accused did not have
a fair and impartial trial. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)
(op. on reh'g). "[T]he actual degree of harm must be assayed in light of the entire jury charge,
the state of the evidence, including the contested issues and weight of probative evidence, the
argument of counsel and any other relevant information revealed by the record of the trial as a
whole." Id.

As previously noted, this appeal is before us without a reporter's record. Under
the circumstances, we cannot determine whether the court's charge was erroneous in the manner
alleged, much less whether the error, if any, caused Harren egregious harm. See Callahan v.
State, 814 S.W.2d 420, 423 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). Point of error
two is overruled.

The judgment of conviction is affirmed.



 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: June 15, 2000

Do Not Publish
1. Among other things, "family violence" means "an act by a member of a family or household
against another member of the family or household that is intended to result in physical harm,
bodily injury, assault, or sexual assault or is a threat that reasonably places the member in fear
of imminent physical harm, bodily injury, assault or sexual assault." See id. § 71.004.
2. Harren might have a colorable claim under Dixon and Rhodes if he were to be held in
criminal contempt for violating the protective order and then prosecuted for a criminal offense
based on the same conduct.



rdy barred because the defendant had previously been
held in criminal contempt for the same conduct. See Rhodes, 974 S.W.2d at 742. Dixon and
Rhodes are readily distinguishable from the cause before us because Harren does not base his
double jeopardy claim on a previous conviction for criminal contempt. 

As the name implies, the purpose of a protective order is to protect against future
acts of family violence. Although a finding that family violence has occurred is a condition
precedent to the issuance of a protective order, such a finding is not alone sufficient. Instead, the
court must also find that family violence is likely to occur in the future. See